

FILED
CLERK, U.S. DISTRICT COURT

MAR 3 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

FRANK XAVIER RODRIGUEZ,          )          NO. EDCV 07-0696-CJC(CT)
                                 )
                 Petitioner,     )          ORDER ACCEPTING
                                 )          MAGISTRATE JUDGE'S
          v.                     )          REPORT AND
                                 )          RECOMMENDATION
JAMES YATES, Warden,             )
                                 )
                 Respondent.     )
_____)

     Pursuant to 28 U.S.C. § 636, the court has reviewed the entire

file de novo, including the magistrate judge's report and

recommendation, which was filed on June 15, 2007, petitioner's

objections to that report and recommendation, respondent's motion

to dismiss, petitioner's "reply" to the motion, and respondent's

reply in support of the motion.  This court concurs with the

magistrate judge's finding that the petition is time-barred.

     As the history set forth in the report and recommendation and

the documents lodged by respondent demonstrate, petitioner filed an

initial round of state habeas petitions before his conviction was

final and long before the expiration of the Anti-Terrorism and

Effective Death Penalty Act's ("AEDPA") one year statute of

limitations.  However, he then waited over a year and a half –

until after the AEDPA statute of limitations had run – before

filing a second round of state petitions raising additional

grounds.

Petitioner requests that the court equitably toll the running

of the statute of limitations because: (1) his trial counsel

rendered ineffective assistance; (2) mental illness prevented him

from timely filing his federal petition; and, (3) petitioner's

legal materials were not returned to him and library access was

denied while he was "out to court" to testify as a witness.  (See

Objections to the June 15, 2007 Report and Recommendation;

Petitioner's Reply to Motion to Dismiss).

The United States Supreme Court has not decided whether

equitable tolling applies to grounds that are otherwise untimely

under 28 U.S.C. § 2244(d).  Lawrence v. Florida, __ U.S. __, 127

S.Ct. 1079, 1085 (2007).  However, the Ninth Circuit has recognized

that grounds that are otherwise untimely under AEDPA can be subject

to equitable tolling, but that equitable tolling is justified in

few cases and "'the threshold necessary to trigger equitable

tolling [under AEDPA] is very high, lest the exceptions swallow the

rule.'"  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.

2003)(citation omitted).  This high bar is necessary to effectuate

the "AEDPA's statutory purpose of encouraging prompt filings in

federal court in order to protect the federal system from being

forced to hear stale claims."  Guillory v. Roe, 329 F.3d 1015, 1018

(9th Cir.2003) (internal quotation marks and citation omitted).

Accordingly, equitable tolling should be granted only "if

extraordinary circumstances beyond a prisoner's control make it

impossible to file a petition on time."  Roy v. Lampert, 465 F.3d

1   964, 969 (9th Cir. 2006)(citation omitted).

2   Thus, "a litigant seeking equitable tolling [of the one-year

3   AEDPA limitations period] bears the burden of establishing two

4   elements: (1) that he has been pursuing his rights diligently, and

5   (2) that some extraordinary circumstance stood in his way." Pace

6   v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The extraordinary

7   circumstance must be "the cause of [the] untimeliness." Spitsyn v.

8   Moore, 345 F.3d 796, 799 (9th Cir.2003).

9   Petitioner's allegations and the documentation he submitted

10  fail to make the requisite showing.  Petitioner's allegations

11  concerning his appointed attorney's failure to raise issues on

12  appeal, (see Objections to the June 15, 2007 Report and

13  Recommendation at 3), do not demonstrate that counsel's alleged

14  conduct was the cause of - or in any way related to - his

15  untimeliness.  Pace v. DiGuglielmo, 544 U.S. at 418; Spitsyn v.

16  Moore, 345 F.3d at 799.

17  Petitioner's allegations concerning his mental incapacity also

18  do not justify equitable tolling.  Petitioner submitted three

19  psychiatric evaluations, one from January of 2000 and two from

20  December of 1999, which were apparently prepared in connection with

21  a competency determination by the court.[1]  (Objections to June 15,

22  2007 Report and Recommendation, Ex. A; see also, Petitioner's Reply

23  to Motion to Dismiss, Exs. D-F).  In one of the evaluations, the

24  examining psychiatrist stated that his diagnostic impression of

25

26  _____

27  [1] The state trial court held a competency hearing and petitioner was
    found competent to stand trial.  (Petitioner's Reply to Motion to Dismiss at
    15; see also Lodgment 9 at numbered page 5).  During the second phase of the
    trial, petitioner, who was represented by counsel (see Lodgment 2 at 2),

28  testified in his own defense.  (Lodgment 1 at 10-11).

1  petitioner was malingering, alcohol dependence and adult antisocial

2  behavior, and opined that petitioner "is an adult antisocial with

3  no current mental illness who hopes to avoid criminal liability by

4  faking mental illness." (Petitioner's Reply to Motion to Dismiss,

5  Ex. F at 3-4). These unauthenticated documents, which predate

6  petitioner's criminal conviction, fail to demonstrate extraordinary

7  circumstances that prevented petitioner from timely filing a

8  federal petition. <u>Pace v. DiGuglielmo</u>, 544 U.S. at 418. In fact,

9  before his conviction was final petitioner was able to file two

10 state court habeas petitions in <u>pro per</u> in which he was able to

11 clearly articulate his grounds for habeas relief. (<u>See</u> Lodgments 2

12 and 5).

13     Petitioner also submitted mental health records from the

14 institutions where petitioner was incarcerated. (<u>See</u> Petitioner's

15 Reply to Motion to Dismiss, Ex. G). These records do not

16 demonstrate that petitioner was mentally incompetent to file a

17 habeas petition. During the period covered by the records (March

18 3, 2004 - September 4, 2007), petitioner filed habeas petitions in

19 state court and federal petitions in this court. (<u>See</u> Lodgment 2,

20 5, 7, 10, and 13).

21     Petitioner also contends that he was separated from his trial

22 transcripts until May of 2006 because his property was held at the

23 prison when he was transferred "out-to-court" and held in county

24 jail while he was a witness in a trial and because his transcripts

25 were temporarily lost by prison officials after petitioner's

26 attorney claimed to have sent them to petitioner. (Petitioner's

27 Reply to Motion to Dismiss at 12-14, Exs. A, B). Petitioner also

28 claims that he was unable to access the law library while he was

1  housed in county jail because, pursuant to jail policy, access was

2  limited to inmates who were representing themselves and who had

3  court order to attend the library.  (Petitioner's Reply to Motion

4  to Dismiss at 11-12).  However, petitioner does not demonstrate –

5  or even allege – that he diligently sought access to the law

6  library from the court or that he diligently sought assistance from

7  his counsel.[2]  Moreover, petitioner had over two months after the

8  California Court of Appeal denied his first habeas petition before

9  he was sent "out to court" and could have pursued collateral review

10 to exhaust his additional grounds at that time.  (See Petitioner's

11 Reply to Motion to Dismiss, Ex. A (showing he was not sent out to

12 court until March 22, 2005)).  In addition, after petitioner

13 returned to prison and after he alleges that his legal materials

14 were returned to him (see Petitioner's Reply to Motion to Dismiss,

15 Ex. B), he waited almost six months before commencing his second

16 round of state habeas petitions.  (See Lodgment 7, 10. 13).

17 Petitioner alleges that his diligence is shown by the fact

18 that he persists in filing petitions even though they may be

19 untimely.  (Petitioner's Reply to Motion to Dismiss at 11).  These

20 allegations and petitioner's other allegations do not demonstrate

21 that petitioner has acted diligently in pursuing his rights and do

22 not justify equitable tolling.  See Pace v. DiGuglielmo, 544 U.S.

24 [2]The court notes that in support of petitioner's requests for extensions of time in this case, petitioner contended that he was waiting for his legal
25 materials to be sent to him after his prison transfer and submitted copies of requests he made to prison officials for those materials as proof of his
26 diligence.  (See Motion for Extension of Time to Respond to the Attorney General's Motion to Dismiss, filed on January 22, 2008, Exs. A-C).  In
27 contrast, petitioner has not submitted any such evidence of his efforts to obtain his transcripts prior to filing his second round of state habeas
28 petitions or even explained what efforts, if any, that he made to retrieve his transcripts from prison officials.

1  at 418; <u>Spitsyn v. Moore</u>, 345 F.3d at 802 ("'[T]he person seeking

2  equitable tolling [must demonstrate] reasonable diligence in

3  attempting to file . . . after the extraordinary circumstances

4  began.'"). <u>Cf</u>. <u>Roy v. Lampert</u>, 465 F.3d at 970-71 (holding

5  allegations sufficient to warrant evidentiary hearing on equitable

6  tolling where, among other things, petitioners demonstrated that

7  they were transferred to Arizona prison where the library contained

8  no materials on AEDPA and one petitioner had complained and even

9  filed a lawsuit challenging the lack of sufficient materials in the

10 prison library); <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021,

11 1027-28 (9th Cir. 2005)(equitable tolling warranted for lack of

12 access to legal materials for eleven months while petitioner was

13 administrative segregation where petitioner demonstrated that he

14 had repeatedly requested his legal materials for the purpose of

15 preparing his federal habeas petition and his requests were

16 repeatedly denied by prison officials).

17      Accordingly, petitioner is not entitled to equitable tolling

18 and the habeas petition is time-barred.

19      Accordingly, IT IS ORDERED:

20      1.   The report and recommendation is accepted.

21      2.   Judgment shall be entered consistent with this order.

22      3.   The clerk shall serve this order and the judgment on all

23 counsel or parties of record.

24

25 DATED: *March 31, 2008*

26                                      CORMAC J. CARNEY
                                        UNITED STATES DISTRICT JUDGE

27

28